UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00303

**James D. Williams,**
*Plaintiff,*

v.

**Ezenwanyi Onwuchekwa et al.,**
*Defendants.*

# ORDER

Plaintiff James D. Williams, proceeding pro se and *in forma pauperis*, filed this civil-rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to a magistrate judge, who issued a report and recommendation (Doc. 32) that plaintiff's motion for preliminary injunction (Doc. 25) against non-defendant prison officials at the Jester III Unit be denied for lack of jurisdiction. Plaintiff did not file objections, and the time for doing so has passed. When there have been no timely objections to a magistrate judge's report and recommendation, the court reviews it only for clear error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996).

Plaintiff claims that—because he filed this lawsuit against medical staff at the Beto Unit—the medical provider at the Jester III Unit is retaliating by revoking plaintiff's passes for medical equipment such as medical boots and changing or removing plaintiff's medications. Docs. 25, 33. Plaintiff asserts that a preliminary injunction should issue to prevent the Jester III medical staff from retaliating against him. Specifically, plaintiff asks for a transfer to another facility or a new medical provider. Doc. 25 at 3.

This court agrees with the magistrate judge that, to enter injunctive relief, it must have both subject-matter and personal jurisdiction over the party against whom the injunction runs. *See Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470 (5th Cir. 1985). However, the magistrate judge went

on to reason that such jurisdiction was lacking here because the Jester III Unit is outside the territorial bounds of the Eastern District of Texas, *see* 28 U.S.C. § 124(c), and "[m]atters that arise in jurisdictions outside the Eastern District [are] not within the purview of this Court." Doc. 32 at 2–3. This court recognizes that "[a] federal district court has personal jurisdiction over a nonresident defendant to the same extent as a state court in the state in which the district court is located"—here, Texas. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008); *see also* Fed. R. Civ. P. 4(k)(1)(A). Thus, the court is unwilling to endorse the proposition that it could never obtain personal jurisdiction over defendants who reside or commit acts outside the Eastern District. *See, e.g.*, *Overstreet v. Tangipahoa Sheriff's Off.*, No. 2:06-cv-02425, 2007 WL 756440, at *4 (E.D. La. Mar. 8, 2007) (suggesting that prison officials can be subject to personal jurisdiction in a state where they have engaged in conduct sufficient to satisfy "notions of due process").

Nevertheless, plaintiff's motion for injunctive relief is jurisdictionally defective for a simpler reason—it seeks to enjoin nonparties. The amended complaint in this case asserts civil-rights claims exclusively against medical staff at the Beto Unit. Doc. 31. Quite simply, the Jester III Unit medical staff referenced in the motion are not named as defendants—or even the subject of any claims—in the amended complaint. Plaintiff's allegations against the Jester III Unit medical staff appear only in his motions for injunctive relief. Docs. 14, 25.

"It is a principle of general application . . . that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Texas v. Dep't of Lab.*, 929 F.3d 205, 210 (5th Cir. 2019) (alteration in original) (quotation marks omitted) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 884 (2008)). Indeed, the Supreme Court has "consistently rebuffed requests for relief that extended beyond the parties." *Trump v. CASA, Inc.*, 606 U.S. ----, --- S.Ct. ----, --- L.Ed.2d ----, 2025 WL 1773631, at *7 (June 27,

2025). Plaintiff's live complaint thus does not form the basis for injunctive relief against officials at the Jester III Unit. *See Bucklew v. St. Clair*, No. 3:18-cv-02117, 2019 WL 2251109, at *2 (N.D. Tex. May 15, 2019).

Having reviewed the magistrate judge's report, the court, without adopting any underlying reasoning, accepts its ultimate recommendation that the motion for injunctive relief be denied for lack of personal jurisdiction over the third parties. Doc. 32. Plaintiff's motion for a preliminary injunction (Doc. 25) is denied because it seeks to enjoin nonparties on the basis of allegations that are absent from the live complaint in this case.

*So ordered by the court on July 17, 2025.*

J. CAMPBELL BARKER
United States District Judge