UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

—————

No. 6:24-cv-00303

—————

**James D. Williams,**
*Plaintiff,*

v.

**Ezenwanyi Onwuchekwa et al.,**
*Defendants.*

—————

# ORDER

Plaintiff, a Texas Department of Criminal Justice (TDCJ) inmate proceeding pro se and in forma pauperis, alleges that defendants violated his civil rights. Doc. 31. Plaintiff specifically alleges that defendants acted with deliberate indifference to his serious medical needs, including that defendant Onwuchekwa reduced the daily number of catheters plaintiff received from four to one. *Id*. at 5.

Defendants moved for summary judgment. Doc. 69. The case was referred to a magistrate judge, who issued a report recommending that the court grant defendants' motion and dismiss plaintiff's claims. Doc. 86 at 17. Plaintiff filed objections to the report. Doc. 90.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

- 1 -

Plaintiff raises several related objections, each of which lack merit. He maintains that defendant Onwuchekwa was incompetent for reducing his daily catheters because he had been provided additional supplies before. Doc. 90 at 2. Plaintiff further argues that defendant's deliberate indifference is evident given that a different medical provider provided him more catheters. *Id.* He also states that defendant should have known that reducing his daily catheters would endanger his health, given his need to drink more fluids to combat the heat. *Id.*

Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation. *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). But the deliberate indifference standard is extremely difficult to meet, requiring a showing that officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or . . . evince[d] a wanton disregard for any serious medical needs." *Domino v. TDCJ*, 239 F.3d 752, 756 (5th Cir. 2001). It is well-settled that an incorrect medical diagnosis, disagreement with medical treatment, and matters of medical judgment do not constitute deliberate indifference. *See Petzold v. Rostollan*, 946 F.3d 242, 250 (5th Cir. 2019).

The summary judgment evidence in this case demonstrates that defendant Onwuchekwa, a nurse practitioner, reduced plaintiff's daily catheters after reviewing his medical chart upon his transfer to a different prison unit. Docket No. 68-18 at 10. She noted in his medical records that there was no documentation as to why he needed "this much urinary supplies." *Id.* Plaintiff's complaint amounts to nothing more than his disagreement with her medical judgment and treatment, which does not constitute deliberate indifference. *See Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999) ("Disagreement with medical treatment does not state a claim for Eight Amendment indifference to medical needs.").

Similarly, a medical provider's failure to implement recommendations or prescriptions from a different prison or by a different provider does not rise to the level of deliberate indifference.

*See Simon v. LeBlanc*, 623 F. App'x 276, 277 (5th Cir. 2015) (per curiam) (unpublished) ("The refusal to provide medicine that was prescribed at another facility or by a different doctor does not rise to the level of deliberate indifference."). Plaintiff's complaint that he was provided more catheters at a different prison and that a different provider ordered him more catheters during a separate medical visit are therefore of no consequence.

Further, an incorrect diagnosis, unsuccessful treatment, negligence, medical malpractice, and the failure to alleviate a significant risk that an official should have known but did not—even if true—do not amount to deliberate indifference. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). The magistrate judge correctly highlighted that even if the defendant incorrectly reduced the number of plaintiff's catheters, such mistakes fail to establish deliberate indifference. *See Arenas v. Calhoun*, 922 F.3d 616, 620 (5th Cir. 2019). Plaintiff failed to establish a genuine dispute of material fact, and summary judgment in favor of defendants is warranted.

Accordingly, the court accepts the magistrate judge's report and overrules plaintiff's objections. Defendants' motion for summary judgment (Doc. 69) is granted. Plaintiff's claims against defendant Onwuchekwa are dismissed with prejudice. Plaintiff's water claims against defendants Dorety and King are dismissed without prejudice on plaintiff's own motion. *See* Doc. 85 at 2; Fed. R. Civ. P. 41(a)(2). Any pending motions are denied as moot.

*So ordered by the court on July 20, 2026.*

J. CAMPBELL BARKER
United States District Judge

- 3 -